J-S30031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSE ALBERT CASTRO, | : | |
| | : | |
| Appellant | : | No. 1417 MDA 2016 |

Appeal from the PCRA Order July 18, 2016
in the Court of Common Pleas of York County,
Criminal Division, No(s):  CP-67-CR-0000463-2010

BEFORE:  SHOGAN, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:  **FILED JUNE 12, 2017**

Jose Albert Castro ("Castro") appeals from the Order denying his second Petition for Relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Counsel for Castro ("Counsel") has filed an ***Anders*** brief,[2] and a Petition to Withdraw from representation.[3]  We quash the appeal as untimely filed, and dismiss Counsel's Petition to Withdraw.

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

[3] The dictates of ***Anders*** apply when counsel seeks to withdraw from representation on direct appeal.  When counsel seeks to withdraw from representation on collateral appeal, the dictates of ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), are applicable.  However, because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner***/***Finley*** "no-merit" letter.  ***See Commonwealth v. Reed***, 107 A.3d 137, 139 n.5 (Pa. Super. 2014).

On November 30, 2010 the trial court sentenced Castro to life in prison for his conviction, following a jury trial, of first-degree murder.[4]  This Court affirmed Castro's judgment of sentence on January 27, 2012. ***Commonwealth v. Castro***, 43 A.3d 528 (Pa. Super. 2012) (unpublished memorandum).  On August 1, 2012, the Pennsylvania Supreme Court denied allowance of appeal.  ***Commonwealth v. Castro***, 49 A.3d 441 (Pa. 2012).

Castro filed the instant *pro se* PCRA Petition, his second, on March 31, 2016.  On July 18, 2016, following the issuance of a Notice pursuant to Pa.R.Crim.P. 907, the PCRA court denied Castro's Petition without a hearing. ***See*** PCRA Order, 7/18/16.[5]  On August 23, 2016, Castro filed a *pro se* Notice of Appeal and court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.  The PCRA court appointed Counsel to represent Castro, who declined to file a counseled Rule 1925(b) concise statement on Castro's behalf.[6]  Counsel has filed with this Court a

---

[4] ***See*** 18 Pa.C.S.A. § 2501.

[5] The Order denying PCRA relief was dated July 15, 2016, docketed on July 18, 2016, and mailed to Castro on July 20, 2016.

[6] Counsel indicated that the *pro se* Concise Statement was comprehensive and no further filing was necessary.  ***Anders*** Brief at 5 n.1.

Petition to Withdraw from representation and an **Anders** brief.[7]

Before addressing the substantive issues raised by Castro, we first must address whether Castro timely appealed the denial of PCRA relief. The Pennsylvania Rules of Appellate Procedure provide that "the notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). The day of entry of an order is the day that the clerk of courts mails or delivers copy of the order to the parties, or makes such copies public. Pa.R.A.P. 108(a)(1). This Court may not extend the time for filing a notice of appeal. Pa.R.A.P. 105(b). "[T]he timeliness of an appeal is jurisdictional and can be raised by this Court *sua sponte*." **Morningstar v. Hoban**, 819 A.2d 1191, 1196 (Pa. Super. 2003) (citations omitted); **see also Commonwealth v. Williams**, 29 A.3d 393, 395 (Pa. Super. 2011) (recognizing that the timeliness of the notice of appeal implicates the jurisdiction of this Court).

Pursuant to the Rules of Appellate Procedure,

---

[7] We note that as of December 2016, no appellate brief had been filed in the Superior Court. As a result, this Court entered an Order remanding the matter to the PCRA court, to determine whether Counsel had abandoned Castro, and "to take further action as required to protect [Castro's] right to appeal." **Commonwealth v. Castro**, No. 1417 MDA 2016 (2016) (Remand Order) (emphasis omitted). Importantly, this Court retained jurisdiction over Castro's appeal. **See id.**

On remand, the PCRA court entered an Order purportedly reinstating Castro's appeal rights. PCRA Court Order, 1/5/17. However, the PCRA court was without authority to do so, as this Court had retained jurisdiction over Castro's appeal. Consequently, on January 5, 2017, this Court entered an Order vacating the PCRA court's reinstatement of Castro's appeal rights. **Commonwealth v. Castro**, No. 1417 MDA 2016 (Pa. Super. 2017) (Order).

> [a] *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, **as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the *pro se* filing with the prison authorities.**

Pa.R.A.P. 121(a) (emphasis added).

Our review of the record discloses that the PCRA court mailed its Order denying relief to Castro on July 20, 2016. Therefore, Castro was required to file a notice of appeal on or before Friday, August 19, 2016. *See* Pa.R.A.P. 903(a). The Proof of Service attached to Castro's *pro se* Notice of Appeal is hand-dated August 11, 2016. However, the envelope in which the Notice of Appeal was mailed is postmarked August 23, 2016, beyond the 30-day appeal period. Castro has not provided "a properly executed prisoner cash slip *or other reasonably verifiable evidence* of the date that the prisoner [timely] deposited the *pro se* filing with the prison authorities." Pa.R.A.P. 121(a) (emphasis added). No other evidence of record reasonably verifies that Castro timely filed his Notice of Appeal. ***See id.***

Finally, the record contains no evidence of "extraordinary circumstances[,] such as a court holiday or closing or a breakdown in the operations of the court[,]" that would excuse Castro's untimely filing. ***Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2014). Consequently, we must quash Castro's appeal as untimely filed. We note,

however, that even if Castro had timely filed his Notice of Appeal, he would not be entitled to relief.

Castro claims that his sentence to life in prison was illegal and unconstitutional, based upon the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012). However, *Miller* applies only "to those defendants who were **under the age of 18** at the time of their crimes[.]" *Miller*, 567 U.S. at 465 (emphasis added). Castro, who was born on November 16, 1984, was 24 years old in July 2009, when the murder was committed. Accordingly, *Miller* provides no relief from Castro's judgment of sentence. *See id.*; *see also Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa. Super. 2013) (holding that the application of *Miller* only to juveniles under the age of 18 did not violate the equal protection rights of defendants over 18, but under 25 years of age); *Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (stating that *Cintora* remains applicable following the United States Supreme Court's decision in *Montgomery v. Louisiana*, ___ U.S. ___, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016)). Thus, even if Castro had timely filed his Notice of Appeal, we would conclude that the underlying claim is frivolous and lacks merit.

Accordingly, we quash Castro's appeal as untimely filed. Furthermore, in light of our disposition, Counsel's Petition to Withdraw is dismissed.

Appeal quashed.  Petition to Withdraw dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2017