**McKEAN COUNTY ANIMAL HOSPITAL**

v.

**Perry BURDICK, Appellant.**

Superior Court of Pennsylvania.

Submitted July 28, 1997.

Filed Sept. 26, 1997.

Jay P. Kahle, Dist. Atty., Smethport, for appellant.

Anthony J. Alfieri, Smethport, for appellee.

Before DEL SOLE, POPOVICH and EAKIN, JJ.

DEL SOLE, Judge.

Appellant seeks review of an order granting a motion to quash an appeal from a district justice. A district justice's default judgment was entered against Appellant on January 29, 1996. Appellant claims he intended to appeal to the Court of Common Pleas and mailed his notice of appeal to the Prothonotary ten days before the thirty-day appeal period expired. However, the U.S. Postal Service failed to deliver the notice until fourteen days after it was mailed, thus exceeding the appeal period by four days. Despite the tardiness of the notice of appeal, the Prothonotary of the Court of Common Pleas of McKean County accepted it for filing. Appellee then presented a motion to quash the appeal and a hearing was held. At the hearing Appellant moved that an appeal be permitted *nunc pro tunc*. The Common Pleas Court quashed the original appeal and refused to allow an appeal *nunc pro tunc*.

Appellant presents two issues. (1) Whether the Common Pleas Court was correct in concluding the appeal should be quashed; and, (2) whether under the circumstance, Appellant is entitled to an appeal *nunc pro tunc*.

First, Appellant asserts that the Common Pleas Court's granting of Appellee's motion to quash the appeal was unjustified. The applicable statute is 42 Pa.C.S.A. § 5571(b) and it provides:

> Except as otherwise provided in subsections (a) and (c), an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order.

Tardy filings of notices of appeal implicate the jurisdiction of the appellate tribunal to entertain a cause; and where jurisdiction of the court has been lost because of the lateness of the filing, the tribunal is without power to grant the requested relief. *Robinson v. Pa. Bd. of Prob. & Pa-*

*role,* 525 Pa. 505, 582 A.2d 857 (1990). Although most other court paperwork is considered to be filed at the time of its postmark, notices of appeal are unique in that they are not filed until received by the Prothonotary. The judiciary has little power to alter times affixed by the legislature for filing appeals. *Goldberg v. Goldberg,* 315 Pa.Super. 333, 461 A.2d 1307 (1983). Further, parties must strictly adhere to statutory provisions for appeal. *Id.* This court is unable to allow an extension of time for the filing of a notice of appeal. Therefore, we affirm the Court of Common Pleas' order quashing the appeal.

■ Second, Appellant asserts that the court erred in dismissing his motion to appeal *nunc pro tunc.* An appeal *nunc pro tunc* may be allowed when a delay in filing the appeal is caused by extraordinary circumstances involving fraud or breakdown in the court's operation through a default of its officers. *Cook v. Unemploy. Comp. Bd. Of Review,* 543 Pa. 381, 671 A.2d 1130 (1996). Also, where an appeal is untimely because of non-negligent behavior on the part of Appellant or his counsel, the appeal is filed within a short time after Appellant or his counsel learns of the untimeliness, and the elapsed time period is very short, the court may allow an appeal *nunc pro tunc. Id.* In *Cook,* Appellant was hospitalized during the time he was to appeal, so the court found extraordinary circumstances in that situation. *See also, Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979) (counsel placed appeal on secretary's desk, she became ill and failed to file the necessary papers to appeal on time).

■ In the case at hand, the record fails to provide enough information about the circumstances causing the untimely appeal. Rather, there is only argument by counsel on the record explaining the reason for the delay. There is no sworn testimony of record. The allegations, if supported by facts which are believed by the trial court, could be sufficient grounds to support an appeal *nunc pro tunc.* Such a decision, however, cannot be made in the absence of a record.

For the foregoing reasons, we affirm the order granting the motion to quash the appeal. However, we remand for the creation of a record to determine whether equitable relief should be entered in the form of an appeal *nunc pro tunc.*

Order affirmed. Case remanded for an evidentiary hearing. Jurisdiction relinquished.