**M. Aileen MORNINGSTAR, Individually and on Behalf of Her Minor Children, and on Behalf of the Estate of John Morningstar, Deceased Appellee**

v.

**Nicholas HOBAN, Appellant**

v.

**Commonwealth of Pennsylvania, Department of Transportation [1] (Two Cases).**

Superior Court of Pennsylvania.

Argued Oct. 3, 2002.
Filed Jan. 15, 2003.
Reargument Denied March 21, 2003.

---

1. Although listed as a party, the Commonwealth of Pennsylvania, Department of Transportation wrote a letter to our prothonotary informing us that it will not be participating in these appeals.

Thomas L. VanKirk, Pittsburgh, for appellant.

John P. Gismondi, Pittsburgh, for Morningstar, appellee.

Before: JOYCE, MUSMANNO and CAVANAUGH, JJ.

JOYCE, J.:

¶ 1 Presently before this Court are two appeals filed by Appellant, Nicholas Hoban. The first appeal is from the judgment entered in the Court of Common Pleas of Allegheny County on September 26, 2001. The second appeal is from the February 21, 2002 order of the trial court, which dismissed Appellant's motion to strike the September 26, 2001 judgment. For the reasons that follow, we quash these appeals.

¶ 2 On March 28, 2001, following a jury trial, the jury returned a verdict in favor of Appellee, M. Aileen Morningstar, and against Appellant, Nicholas Hoban in the amount $7 million ($4 million in compensatory damages and $3 million in punitive damages). The parties stipulated that Appellee was entitled to delay damages in the amount of $208,547.00 on the compensatory damage award. This stipulation was signed by the trial judge on April 4, 2001 and was docketed on April 9, 2001. Subsequently, Appellant, through his insurance carrier, paid to Appellee the entire amount of the compensatory damage award, including delay damages. Appellant was represented at trial by the law firm of Zimmer Kunz, P.L.L.C. Appellant later retained new counsel, and on April 9, 2001, new counsel filed a motion for post-trial relief (*see* Pa.R.C.P. 227.1) with respect to the punitive damage award, seeking a new trial or in the alternative, a remittitur. Appellee also filed a motion for post-trial relief on April 9, 2001 in order to preserve

certain issues in the event a new trial was granted. On April 24, 2001, the trial judge scheduled oral arguments on the post-trial motions and directed the parties to file briefs in support of their respective positions. The parties subsequently filed their briefs. On July 18, 2001, the trial court entered an order scheduling August 27, 2001 as the date on which the court would hold oral argument on the motions. The oral argument was later rescheduled for September 4, 2001. Each of these two dates (August 27, 2001 and September 4, 2001) would be more than 120 days after the filing of the parties' post-trial motions.

¶ 3 On August 20, 2001, realizing that the trial court had not ruled on the motions for post-trial relief within 120 days, pursuant to Pa.R.C.P. 227.4, Appellee filed a praecipe for the entry of judgment, and judgment was entered by the Allegheny County prothonotary that same day.[3] However, the judgment entered did not specify the monetary amount.[4] To rectify this alleged defect, on September 26, 2001, Appellee again filed a praecipe for the entry of judgment, and judgment was entered on that day, with the monetary amount being properly specified in the judgment. That same day, Appellee filed a praecipe for writ of execution in the amount of $3 million, plus the daily accrual of interest at the statutory post-judgment rate. The writ of execution was issued on November 30, 2001.

¶ 4 Appellant claims that he did not receive notice of the entry of the August 20, 2001 judgment. However, he admits having received notice of the praecipe for the entry of judgment. With respect to the September 26, 2001 judgment, Appellant claims that he did not receive notice of the praecipe for the entry of judgment, but admits that he received notice of the entry of judgment.

¶ 5 Meanwhile, on September 4, 2001, the trial judge held oral arguments on the post-trial motions. The trial judge never issued an order specifically resolving the post-trial motions.[5]

¶ 6 On January 2, 2002, Appellant filed a motion to strike the judgment entered on September 26, 2001. Simultaneously, Appellant filed a notice of appeal from the judgment entered on September 26, 2001. On February 21, 2002, the trial court dismissed the motion to strike the judgment on the grounds that the court lacked jurisdiction to consider the motion in view of the fact that Appellant had already filed a notice of appeal on January 2, 2002. On March 6, 2002, Appellant filed a notice of appeal from the order dismissing the motion to strike judgment.[6]

¶ 7 Rule 227.4 of the Pennsylvania Rules of Civil Procedure provides as follows in pertinent part:

> [T]he prothonotary shall, upon praecipe of a party:

---

3. Appellee's praecipe was filed on August 20, 2001, almost two weeks after the expiration of the 120–day period. The 120th day was August 8, 2001.

4. Appellee was later informed by the prothonotary that the judgment could not be executed without a specification of the monetary amount.

5. Although the January 17, 2002 opinion of the trial court addressed the issues raised by Appellant in his post-trial motion, the opinion

was filed pursuant to Pa.R.A.P. 1925, **after** Appellant had already filed an appeal. Therefore, that opinion did not resolve the parties' post-trial motions.

6. Appellant's notice of appeal stated that the appeal is "from the order entered in this matter on February 20, **2001**." We deem this a careless typographical error because our review of the record shows that no order was entered on this date. The order dismissing the motion to strike the judgment was entered on February 21, **2002**.

(1) enter judgment upon the verdict of a jury or the decision of a judge, following a trial without jury, or enter the decree nisi as the final decree, if

\* \* \* \* \* \*

(b) one or more timely post-trial motions are filed and the court does not enter an order disposing of all motions within one hundred twenty days after the filing of the first motion. A judgment entered pursuant to this subparagraph shall be final as to all parties and all issues and shall not be subject to reconsideration.

Pa.R.C.P. 227.4(1)(b). The 1995 Explanatory Comment on Rule 227.1 indicates that the filing of a praecipe for entry of judgment under Rule 227.4(1)(b) is optional with the parties; they may await the decision of the trial court or move the case along. Further, the judgment entered pursuant to Rule 227.4(1)(b), is effective as to all parties and all issues. Rule 227.1 (Explanatory Comment—1995). Reconsideration is strictly prohibited and the case is ready in its entirety for the appellate process. *Id. See generally* Pa.R.C.P. 227.4 (Explanatory Comment—1995).

■ ¶ 8 Thus, pursuant to Rule 227.4(1)(b) and the explanatory comment thereto, after the expiration of the 120–day period, a party may praecipe for the entry of judgment. The judgment entered pursuant to the praecipe becomes final, and immediately appealable, when it is entered on the docket. *See* Pa.R.A.P. 108(b) (date of entry of order in matter subject to Pennsylvania Rules of Civil Procedure is the day clerk makes notation in docket that notice of entry of order has been given pursuant to Pa.R.C.P. 236(b)). The judgment is not subject to either reconsideration or any other motion to strike, open or vacate. *See Conte v. Hahnemann University Hosp.,* 707 A.2d 230, 231 (Pa.Super.1998). The judgment in this case was docketed on August 20, 2001, and again on September 26, 2001. Appellant did not file an appeal within 30 days after the entry of the August 20, 2001 judgment, nor did he file an appeal within 30 days after the entry of the September 26, 2001 judgment. *See* Pa.R.A.P.903 (a) (notice of appeal shall be filed within 30 days after entry of order from which appeal is taken). Rather, Appellant filed a notice of appeal from the September 26, 2001 judgment on January 2, 2002. This appeal is patently untimely and must be quashed because we lack jurisdiction to consider the merits of the appeal. *See Sidkoff, Pincus, et al. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.,* 521 Pa. 462, 555 A.2d 1284, 1287 (1989) (it is well-established that the failure to file a timely appeal will divest this Court of jurisdiction).

■ ¶ 9 Arguing in favor of the timeliness of this appeal, Appellant claims that Pa.R.C.P. 238(c)(3)(i) prohibited either party from obtaining judgment by praecipe. Pursuant to this rule, "[i]f a motion for post-trial relief has been filed under Rule 227.1 and a motion for delay damages is pending, a judgment may not be entered until disposition has been made of all motions filed under Rule 227.1 and this rule." Pa.R.C.P. 238(c)(3)(i). Appellant maintains that since the parties filed their post-trial motions on the very same day that the prothonotary docketed the trial court order granting delay damages (April 9, 2001), the motion for delay damages was pending when the parties filed their post-trial motions. Thus, according to Appellant, the two praecipes for entry of judgment filed by Appellee (on August 20, 2001 and on September 26, 2001) were, as a matter of law, ineffective vehicles for the entry final judgment, which would deprive the trial court of jurisdiction to address the parties' post-trial motions. This argument is utterly meritless, and Appellant cites to no authority in support of this

sophistic interpretation of the Rules of Civil Procedure.

¶ 10 The Note accompanying Rule 227.4(1)(b) states that "[i]f a motion for delay damages has been filed, judgment may not be entered until that motion is decided or otherwise resolved. *See* Rule 238(c)(3)(i)." Rule 238(c)(3)(i) addresses the problem created by a court of common pleas judge who ruled that the entry of judgment under Rule 227.4 prior to the disposition of an unopposed motion for delay damages under Rule 238 precludes the award of such damages. *See* Pa.R.C.P. 227.4 (Explanatory Comment—1997). The language of these rules (Rule 227.4 and Rule 238) and the comments thereto do not support Appellant's position. A correct reading of these rules shows that they prohibit the entry of judgment during the pendency of an unresolved motion for delay damages. Appellee's motion for delay damages was resolved on April 4, 2001, and docketed on April 9, 2001—long before Appellant filed a praecipe for the entry judgment on August 20, 2001, and again on September 26, 2001. The motion for delay damages was not pending when judgment was entered and the already resolved motion could not have prevented Appellee from filing a praecipe for the entry of judgment either on August 20, 2001 or on September 26, 2001.

¶ 11 Further, although the order granting the motion for delay damages was docketed on April 9, 2001, this does not provide a basis to conclude that the motion for delay damages was pending on April 9, 2001. Appellant has failed to provide any authority for the proposition that a motion must be deemed pending on the date in which the order granting the motion was docketed. Even if we accept Appellant's line of reasoning that it is theoretically possible to deem a motion pending on the date it is granted, Appellant's argument must fail in the instant case. A careful examination of the record shows that the order granting the motion for delay damages was docketed on April 9, 2001 by **8:42 a.m.** (Certified Record at # 54); Appellant's post-trial motion was docketed on April 9, 2001 by **3:15 p.m.** (Certified Record at # 55); and Appellee's post-trial motion was docketed on April 9, 2001 by **3:24 p.m.** (Certified Record at # 56). Thus, given the above timeline, it is factually incorrect to assert that the motion for delay damages was pending when the post-trial motions were filed: the order granting the motion for delay damages was docketed **before** the parties' post-trial motions were filed.

¶ 12 Additionally, even if we assume for the sake of argument that the motion for delay damages was pending on April 9, 2001, when the post-trial motions were filed, this fact does not preclude the entry of judgment at a later time. The language of Pa.R.C.P. 238(c)(3)(i) only prohibits the entry of judgment **before** the disposition of post-trial motions. In the instant case, the post-trial motions were disposed of—they were denied by the operation of law at the expiration of the 120–day period—before judgment was entered in this case. Pa. R.C.P. 227.1 and Pa.R.C.P. 238(c)(3)(i) neither state nor suggest that post-trial motions can only be disposed of by a court order. Indeed, Rule 227.4(b) recognizes that post-trial motions may be deemed resolved when the trial court does not enter an order disposing the motions within 120 days. Thus, Appellant's suggestion that the post-trial motions in this case had not been resolved when judgment was entered is clearly wrong. The post-trial motions were denied by the operation of law after the expiration of the 120–day period, and judgment was entered **after** the denial of the motions. It is important to point out that the concept of denial of a motion by operation of law is well-grounded in Pennsylvania jurisprudence. *See Gibbs v. Her-*

*man,* 714 A.2d 432, 435 (Pa.Super.1998) (recognizing a party's right to praecipe for the entry of judgment 120 days after the filing of post-verdict motions where the motions have not been resolved); Pa. R.C.P.1930.2(c) (where a court grants a motion for reconsideration, the reconsidered decision shall be rendered within 120 days of the date the motion for reconsideration is granted. If it is not rendered within 120 days, the motion shall be deemed denied).

¶ 13 Apart from the issue of timeliness, Appellant argues in the alternative that this case should be remanded to the trial court to determine (1) whether the motion for delay damages was pending when the parties filed their post-trial motions; (2) whether Appellee should be estopped from arguing untimeliness of this appeal since despite the entry of judgment on August 20, 2001, Appellee's counsel still participated in the September 4, 2001 oral argument before the trial court; and (3) whether the trial judge incorrectly advised the parties that they would have 120 days from September 4, 2001 in which to file timely appeals. Appellant's arguments lack arguable merit and there is no need to remand this matter to the trial court.

■ ¶ 14 In the first place, we have already determined that the motion for delay damages was not pending when the parties filed their post-trial motions. Secondly, whether or not Appellee raises the issue of the untimeliness of this appeal is immaterial. This is because the timeliness of an appeal is jurisdictional and can be raised by this Court *sua sponte. See McKean County Animal Hospital v. Burdick,* 700 A.2d 541, 542 (Pa.Super.1997) (tardy filings of notices of appeal implicate

the jurisdiction of the appellate tribunal to entertain a cause of action); *Rieser v. Glukowsky,* 435 Pa.Super. 530, 646 A.2d 1221, 1223 (1994) (stating that the issue of jurisdiction may be raised by the court *sua sponte*). Thus, even if Appellee were estopped from arguing untimeliness, we must still consider this issue on our own motion. Thirdly, there is nothing in the record to substantiate Appellant's allegation that the trial judge incorrectly advised the parties that they would have 120 days from September 4, 2001 in which to file timely appeals. We point out that Appellee strongly disagrees with Appellant's assertion. Appellee asserts that the trial judge never made any such statements regarding the time for filing an appeal. *See* Brief for Appellee, at 29. Further, the trial judge, Judge Max Baer, never acknowledged making such statements in his January 18, 2002 opinion, in his February 21, 2002 order, or in his March 8, 2002 memorandum in lieu of further opinion. The above notwithstanding, even if we assume for the sake of argument that the trial judge misled the parties, as Appellant alleges, this does not explain Appellant's inaction upon receiving notice of the August 20, 2001 praecipe for entry of judgment, and the notice of the judgment entered on the same day. Nor does it explain his inaction upon receiving the September 26, 2001 praecipe for the entry of judgment and the judgment entered that same day.[7]

■ ¶ 15 In sum, with respect to Appellant's appeal from the September 26, 2001 judgment, we must quash this appeal as it was filed on January 2, 2002—long after the expiration of the thirty-day period (Pa.

---

**7.** We give no credence to Appellant's assertion that he never received either the notice of the praecipe or notice of the entry of judgment or both. The certified record clearly shows that with respect to the August 20, 2001 judgment and the September 26, 2001 judgment, both the praecipe for the entry of judgment and the notice of the entry of judgment were mailed to Appellant. Therefore, his assertions to the contrary are unavailing.

R.A.P.903(a)). *See generally, Conte, supra.* We also quash the appeal from the February 20, 2002 order denying Appellant's motion to strike the September 26, 2001 judgment because in view of Appellant's January 2, 2002 appeal, the trial court did not have jurisdiction to consider the motion.

¶ 16 Appeals quashed.

¶ 17 CAVANAUGH, J., files Concurring Opinion.

CAVANAUGH, J., Concurring:

¶ 1 I concur in the majority opinion, but I write separately to emphasize that the language of the forbearance agreement is the critical, factual predicate on which I rely to join in this disposition.

¶ 2 Although I initially felt that the proper course was to remand this matter for a hearing to resolve the factual disputes surrounding alleged comments made by the trial court, I now conclude that the forbearance agreement executed by the parties provided indisputable notice to appellant of the entry of judgment and the attempted execution on the judgment. Appellant's failure to timely respond to the explicit language of the agreement is indefensible and renders relief in the form of an appeal *nunc pro tunc* unavailable.

¶ 3 The preamble to the forbearance agreement states, in pertinent part:

WHEREAS, on or about September 26, 2001, a judgment for punitive damages in the amount of $3,000,000 was rendered in favor of Plaintiff against Defendant in Civil Action GD99–13670 in the Court of Common Pleas of Allegheny County, Pennsylvania (the "Judgment"); and

WHEREAS, Plaintiff has commenced execution of the Judgment and Defendant has not posted a bond under Pa. R.A.P. § 1731 to stay such execution; and

. . . .

WHEREAS, HHI and PICA have requested Plaintiff to forbear from any further action to collect on the Judgment so as not to disrupt or prevent a PICA Sale Transaction from occurring, and Plaintiff is willing to do so on the terms and conditions hereinafter set forth.

¶ 4 The forbearance agreement was signed by the parties on November 29, 2001. The docket entries establish that appellee filed a writ of execution on September 26, 2001, and that appellant was served by the Sheriff of Washington County with the writ of execution and interrogatories on September 27, 2001. Appellant did not file an appeal *nunc pro tunc* until January 2, 2002, more than a month after the agreement was signed and more than three months after being served with a writ of execution. Even assuming as true appellant's assertions that the trial court erroneously cited the time for appeal on September 4, 2001, and that the trial court's staff misled him into believing that a disposition of the post-trial motions on the merits was forthcoming, appellant cannot credibly argue that the forbearance agreement did not apprise him of the entry of judgment and the attempted execution on that judgment. Appellant would not be entitled to an appeal *nunc pro tunc* as a matter of law. *See Freeman v. Bonner,* 761 A.2d 1193, 1195 (Pa.Super.2000) (stating that "an appeal *nunc pro tunc* is only granted in civil cases where there was fraud or a breakdown in the court's operations," or a "non-negligent happenstance").

¶ 5 I concur in the majority opinion.