J-A25002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN KUCEK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM HAHN D/B/A TOTAL CHEVY | : | |
| AND H&W RENOVATIONS, INC. | : | |
| D/B/A TOTAL CHEVY AND RAYMOND | : | No. 1488 EDA 2017 |
| CONSTABLE | : | |
| | : | |
| | : | |
| APPEAL OF: WILLIAM HAHN D/B/A | : | |
| TOTAL CHEVY AND H&W | : | |
| RENOVATIONS, INC. D/B/A TOTAL | : | |
| CHEVY | : | |

Appeal from the Judgment Entered January 21, 2016
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2014-04772

BEFORE:  PANELLA, J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY DUBOW, J.:                **FILED NOVEMBER 15, 2018**

Appellants, William Hahn d/b/a Total Chevy and H&W Renovations, Inc. d/b/a Total Chevy, appeal from the January 21, 2016 Judgment entered against them in the Bucks County Court of Common Pleas.[1]  We quash this appeal.

---

[1] In their May 8, 2017 Notice of Appeal, Appellants indicated that they were appealing from the January 21, 2016 Judgment entered on the trial court's October 20, 2015 non-jury trial verdict.  Prior to briefing, however, on May 23, 2017, the trial court prothonotary re-entered Judgment on that same verdict.  For the reasons discussed *infra*, the May 23, 2017 entry of Judgment is a nullity, and this Court has amended the case caption to reflect that Appellants have taken this appeal from the initial final judgment.

The facts underlying this matter are largely immaterial to our disposition. Briefly, Appellee John M. Kucek purchased from Appellants a vehicle Appellants marketed as a 1970 Chevrolet Corvette LT1/ZR1 for $95,000. Sometime after his purchase of the vehicle, Appellee discovered that Appellants had made a number of misrepresentations about the vehicle.

Appellee, therefore, filed an eight-count complaint raising claims of Breach of Contract, Unjust Enrichment, Intentional Fraud, Negligent Fraud, Unfair or Deceptive Trade Practices under the Unfair Trade Practices and Consumer Protection Law, Conversion, Negligence, and Civil Conspiracy.

Following an October 20, 2015 non-jury trial, the court found that the vehicle sold by Appellant was not an original or authentic 1970 Chevrolet Corvette LT1/ZR1. Accordingly, on October 21, 2015, the court entered a $125,000[2] verdict for Appellee.

On November 16, 2015, Appellants filed an appeal from the court's verdict, prior to filing any Post-Trial Motion and before the court entered Judgment on the verdict. *See Kucek v. Hahn*, No. 3527 EDA 2015. This Court issued a Rule to Show Cause advising Appellants that their appeal was defective, and, on January 20, 2016, Appellants filed a *Praecipe* to Discontinue this appeal.

The trial court docket reflects that the next day—January 21, 2016—the Bucks County prothonotary entered Judgment pursuant to *praecipe* on the

---

[2] This amount is comprised of the $95,000 contract value and $30,000 for attorney's fees.

trial court's verdict. Importantly, Appellants did not file a timely Notice of Appeal from the January 21, 2016 Judgment.

On January 26, 2016, Appellants filed a Petition for Leave to File Post-Trial Motions *Nunc Pro Tunc*. On February 2, 2016, the trial court issued a Rule to Show Cause why it should not grant Appellants' Petition for Leave. Briefing by the parties followed.

On October 3, 2016, the trial court granted Appellants' Petition for Leave. On October 20, 2016, Appellants filed a Post-Trial Motion, which the trial court denied on October 21, 2016.

On November 17, 2016, Appellants filed an appeal purportedly from both the October 21, 2015 verdict in Appellee's favor and the October 21, 2016 Order denying their Post-Trial Motion. ***See Kucek v. Hahn***, No. 3586 EDA 2016. Appellee filed a Motion to Quash the appeal, which this Court granted on March 9, 2017 "without prejudice to Appellants' right to file an appeal from entry of judgment."

Following remand to the trial court, Appellants sought entry of Judgment on the court's verdict. The lower court prothonotary refused to enter Judgment on the verdict, correctly noting that it had previously entered Judgment on January 21, 2016.

Appellants, thus, filed another Notice of Appeal to this Court referencing the lower court's October 21, 2015 verdict as the Order from which they sought to appeal. ***See Kucek v. Hahn***, No. 1107 EDA 2017. Appellee filed yet another Motion to Quash the appeal, which, on May 4, 2017, this Court

- 3 -

again granted "without prejudice to Appellants' right to appeal from the entry of Judgment."

On May 8, 2017, Appellants filed the instant appeal from the "Order entered in this matter on the 21st day of January, 2016." On May 17, 2017, Appellee again filed a Motion to Quash the appeal as untimely.[3] On June 2, 2017, this Court denied Appellee's Motion without prejudice to Appellee's right to raise this issue again before the merits panel.

Before we reach the merits of the issues raised on appeal, we must determine whether we have jurisdiction over this matter. Here, the docket reflects that the prothonotary entered Judgment on the trial court's verdict in Appellee's favor on January 21, 2016. Accordingly, in order for their appeal to be timely, Appellants were required to file a Notice of Appeal by February 22, 2016.[4] **See** Pa.R.A.P. 903 ("the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken.").

Instantly, Appellants failed to file a timely Notice of Appeal within 30 days of the entry of final Judgment on the lower court's verdict. Thus, this

---

[3] On May 18, 2017, notwithstanding that the trial court had already entered Judgment on January 21, 2016, this Court inexplicably entered an Order directing Appellants to *praecipe* the trial court to enter Judgment. Appellants complied with our directive, and on May 23, 2017, the trial court Prothonotary entered the same Judgment that it had already entered on January 21, 2016. Because the trial court had already entered Judgment, this Court's directive was in error. **See** Pa.R.A.P. 105(b) (directing that no appellate court may enlarge the time for filing an appeal). Accordingly, the trial court's May 23, 2017 Judgment is a legal nullity.

[4] February 20, 2016, the thirtieth day after the entry of Judgment, fell on a Saturday.

Court lacks jurisdiction to consider the merits of this appeal. ***See Morningstar v. Hoban***, 819 A.2d 1191, 1194 (Pa. Super. 2003) (reiterating the well-established principle that "the failure to file a timely appeal will divest this Court of jurisdiction.").

Moreover, the trial court lost jurisdiction over the instant matter after the 30-day period following entry of the January 21, 2016 Judgment. ***See Miller Elec. Co. v. DeWeese***, 907 A.2d 1051, 1054 (Pa. 2006) ("A trial court's jurisdiction generally extends for thirty days after the entry of a final order."); ***see also*** 42 Pa.C.S. § 5505. Thus, the Orders entered by the trial court after February 22, 2016, are legal nullities.

In sum, the instant appeal, filed on May 8, 2017, is untimely and this Court lacks jurisdiction to review its merits.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/18

- 5 -