J-S21034-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| JOSEPH OLLIE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN LUBAHN, M.D. AND PATRICK | : | |
| SMITH, M.D. | : | No. 1515 WDA 2019 |

Appeal from the Order Dated August 6, 2019
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD No. 18-007366

BEFORE: LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED JULY 09, 2020

Joseph Ollie ("Ollie") appeals from the Orders sustaining the Preliminary Objections filed by John Lubahn, M.D. ("Dr. Lubahn"), and Patrick Smith, M.D. ("Dr. Smith"), and dismissing with prejudice Ollie's Complaint. We quash the appeal as untimely filed.

The trial court summarized the relevant factual history of this appeal as follows:

> [On June 11, 2018, Ollie], an inmate at the Elkton Federal Correctional Institution, filed a Complaint in Civil Action against Defendants [Dr. Lubahn] and [Dr. Smith] sounding in medical professional negligence … [with] additional claims for lack of informed consent and constitutional violations under the Eighth and Fourteenth Amendment[s] of the United States Constitution.

> [Ollie's] cause of action arose out of treatment for injuries sustained to his hand and neck while working at General Electric. In January 2010, [Ollie] was referred to [Dr. Lubahn] by his primary care physician. During the original consultation with Dr. Lubahn, [Ollie] alleged that the doctor accused him of raping a

child[,] and further stated that he had medical records and tests to prove it. [Ollie] claimed that he informed Dr. Lubahn that he was not the perpetrator, but rather, it was a family member who had been convicted of the crime. [Ollie] subsequently underwent surgery on his hand[, performed by Dr. Lubahn,] on November 3, 2010. The following week, [Dr. Smith] performed surgery on [Ollie's] spine. [Ollie] alleged that immediately prior to the surgery[,] Dr. Lubahn and Dr. Smith were present and discussing the allegations of rape. The crux of [Ollie's] Complaint is that the [d]efendants conspired against him and negligently performed the procedures as a form of retribution.

[Specifically, o]n March 19, 2017, [Ollie] was allegedly informed by an unnamed urologist at the Elkton Federal Correctional Institution that the bone gristle had been removed from his penis, although [Ollie] claimed to have no prior knowledge of its removal. [Ollie] alleged that [Dr. Lubahn] operated on the wrong body part[, namely, his penis,] and as a result[,] [Ollie] suffers bloody, painful[,] and uncontrollable urinations along with impotency and the inability to have sexual intercourse. As to [Dr. Smith], [Ollie] alleged that the doctor operated on his spine without first taking x-rays[,] and, subsequently, failed to properly join the fusion hardware in his neck[,] causing serious and permanent injuries to his spine and nervous system.

Trial Court Opinion, 12/5/19, at 1-2.

On October 10, 2018, Ollie filed an Amended Complaint. In June 2019, Dr. Lubahn and Dr. Smith filed separate Preliminary Objections to Ollie's Amended Complaint. On August 6, 2019, the trial court sustained the Preliminary Objections, and dismissed Ollie's Amended Complaint, with

prejudice. Ollie filed a single Notice of Appeal,[1] which was docketed on October 8, 2019. Ollie subsequently filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On January 29, 2020, Dr. Smith filed a Motion to Quash Ollie's appeal, asserting that Ollie's Notice of Appeal was untimely filed. On January 31, 2020, Dr. Lubahn filed a Motion to Quash on the same grounds. On March 13, 2020, this Court entered an Order denying both Motions to Quash, without prejudice to the appellees' rights to again raise the issue in their briefs or separate motions.

On April 6, 2020, Dr. Lubahn filed a renewed Motion to Quash on the same grounds as before, i.e., that Ollie's Notice of Appeal was untimely filed. On April 20, 2020, Ollie filed a Response to Dr. Lubahn's Motion to Quash, claiming that because he was incarcerated and had deposited his Notice of Appeal with the prison authorities on September 3, 2019, his Notice of Appeal was timely pursuant to the Prisoner Mailbox Rule. Dr. Smith has similarly raised the timeliness issue in his brief.

_____

[1] We note that Ollie's appeal is from two Orders, which separately dismissed the two defendants. See Pa.R.A.P. 341 (stating that "where … one or more orders resolves issues … relating to more than one judgment, separate notices of appeal must be filed."); see also Commonwealth v. Walker, 185 A.3d 969, 977 (Pa. 2018) (stating that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." (citing Pa.R.A.P. 341)). However, in light of our disposition, we need not address this issue.

Before addressing the merits of Ollie's appeal, we must first determine whether Ollie's Notice of Appeal was timely filed. See Morningstar v. Hoban, 819 A.2d 1191, 1196 (Pa. Super. 2003) (stating that "the timeliness of an appeal is jurisdictional...." (citations omitted)). The Pennsylvania Rules of Appellate Procedure provide that "the notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). The date of entry of an order is the date that the clerk of courts mails or delivers a copy of the order to the parties, or makes such copies public. Pa.R.A.P. 108(a)(1). This Court may not extend the time for filing a notice of appeal. Pa.R.A.P. 105(b). Pro se status does not relieve an appellant of the duty to follow the Rules of Appellate Procedure. Jiricko v. Geico Ins. Co., 947 A.2d 206, 213 (Pa. Super. 2008).

> Pursuant to the Prisoner Mailbox Rule,
>
> A pro se filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.

Pa.R.A.P. 121(f) (emphasis added).

Our review of the record discloses that the trial court mailed its Orders dismissing Ollie's Amended Complaint on August 6, 2019. Therefore, Ollie was required to file his Notice of Appeal on or before September 5, 2019. See Pa.R.A.P. 903(a). Ollie's Notice of Appeal was docketed on October 8, 2019. Ollie has not provided a "properly executed prisoner cash slip or other

reasonably verifiable evidence" of the date that he deposited his Notice of Appeal with the prison authorities. Pa.R.A.P. 121(f). Additionally, no other evidence of record reasonably verifies that Ollie timely filed his Notice of Appeal.[2] Consequently, we must quash Ollie's appeal as untimely filed.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/2020

_____

[2] Ollie's Notice of Appeal includes, under his signature line, "September 3, 2019." However, Ollie's Notice of Appeal does not include a cash slip or other "reasonably verifiable evidence," such as an affidavit attesting that Ollie deposited his Notice of Appeal with the prison authorities on September 3, 2019. See Pa.R.A.P. 121(f), supra; Commonwealth v. Jones, 700 A.2d 423, 426 (Pa. 1997) (stating that an "affidavit attesting to the date of deposit with the prison officials" is reasonably verifiable evidence of the date the prisoner deposited his filing with prison authorities) (citing Smith v. Pennsylvania Bd. of Prob. & Parole, 683 A.2d 278, 282 (Pa. 1996)).