J-A27024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| AVAIL HOLDING LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD C. HELTON | : | No. 639 MDA 2023 |

Appeal from the Order Entered March 27, 2023
In the Court of Common Pleas of Centre County Civil Division at No(s):
22-1370

BEFORE:   LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY NICHOLS, J.:                    **FILED: APRIL 2, 2024**

Appellant Avail Holding LLC appeals from the order granting judgment on the pleadings in favor of Appellee Ronald C. Helton in the underlying mortgage foreclosure action.  Appellant argues that the trial court erred in concluding that Appellant's claim was barred by the statute of limitations.  We quash.

The relevant facts and procedural history of this matter are well known to the parties.  *See* Trial Ct. Op., 7/20/23, at 1-2.  Briefly, on May 24, 2001, Appellee and a third-party, Alliance Funding, entered into a mortgage agreement.  The mortgage was purportedly assigned to Appellant on June 3, 2020.   On July 7, 2022, Appellant filed a complaint alleging that Appellee defaulted on all outstanding mortgage payments after March 1, 2004.

---

[*] Former Justice specially assigned to the Superior Court.

Appellee filed an answer and new matter raising the statute of limitations as an affirmative defense. In its reply, Appellant argued that the applicable statute of limitations in a mortgage foreclosure action is twenty years. Appellee filed a motion for judgment on the pleadings, and Appellant filed a response and brief in opposition to Appellee's motion. The trial court held a hearing at which Appellee argued that Appellant had failed to attach a copy of the mortgage agreement to its complaint, and therefore, there was no indication in the pleadings that the mortgage was under seal. As such, Appellee argued that the applicable statute of limitations was four years and barred Appellant's claim. On March 24, 2023, the trial court granted Appellee's motion for judgment on the pleadings. *See id.* at 1-3.

Although the order granting judgment on the pleadings was filed on March 24, 2023, the trial court did not provide notice of the order until March 27, 2023. *See* Pa.R.C.P. 236. Therefore, Appellant had until April 26, 2023, thirty days from March 27, 2023, in which to file a timely appeal. *See* Pa.R.A.P. 903(a). However, Appellant did not file the appeal until the thirty-first day, April 27, 2023. By failing to file a timely notice of appeal, we lack jurisdiction and are constrained to quash the appeal. *See Morningstar v. Hoban*, 819 A.2d 1191, 1194 (Pa. Super. 2003) (explaining that this Court lacks jurisdiction to consider the merits of an untimely appeal.).

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 04/02/2024